UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23792-BLOOM/Elfenbein

PIERRE REGINALD BOULOS,

    Plaintiff,

v.

DIRECTOR, U.S. DHS ICE ERO
MIAMI FIELD OFFICE, ACTING DIRECTOR,
US DHS ICE, US ATTORNEY GENERAL, ACTING
DIRECTOR EOIR, and U.S. SECRETARY OF STATE,

    Defendants.
_____/

## ORDER TO SHOW CAUSE

Petitioner Pierre Reginald Boulos ("Petitioner"), filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. ECF No. [1]. Petitioner alleges that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody, and names the Director of the U.S. Department of Homeland Security ("DHS") ICE Enforcement and Removal Operations ("ERO") Miami Field Office, Acting Director of the U.S. DHS ICE, Secretary of DHS, U.S. Attorney General, Acting Director of the U.S. Department of Justice Executive Office for Immigration Review ("EOIR"), and the U.S. Secretary of State as Respondents in this matter.

28 U.S.C. § 2243 provides that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted . . . . The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

Case No. 25-cv-23792-BLOOM/Elfenbein

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Counsel for Respondents shall immediately notify the Court of receipt of this Order and the name of the Assistant United States Attorney to whom the case is assigned.

2. **On or before September 2, 2025**, Respondents shall file a memorandum of fact and law to show cause why the Petition should not be granted and shall file all documents and transcripts necessary for resolution of the Petition. *See* 28 U.S.C. § 2243 (a response to the order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").

3. Respondents are reminded that it must provide Petitioner full and complete copies of all documents filed in support of its response. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes."); *Rodriguez v Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[A]ll documents referenced in the [] answer and filed with the Court must be served on the habeas petitioner.").

4. Petitioner may, but is not required to, file a reply within **seven days** of the date on which the Court dockets the Response. The reply, if any, **shall not exceed ten pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); L.R. 5.1(a)(4).

Case No. 25-cv-23792-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 26, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

Noticing 2241/Bivens U.S. Attorney
Email: usafls-2255@usdoj.gov

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov